**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **PATRICK LEWIS GEER,** § | | |
| **PETITIONER,** § | | |
| § | | |
| **V.** § | A-25-CV-00624-ADA | |
| § | | |
| **DIRECTOR TDCJ-CID,** § | | |
| **RESPONDENT.** § | | |

## ORDER

Before the Court are Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (ECF #1) and Respondent's Answer (ECF #12). Petitioner did not file a response thereto. Petitioner, proceeding *pro se*, paid the filing fee for this case. For the reasons set forth below, the Court dismisses Petitioner's Petition as time-barred.

### I. STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 390th Judicial District Court of Travis County, Texas, in cause number D-1-DC-08-904110. Petitioner was charged by indictment with aggravated kidnapping (count 1) and kidnapping with deadly force (count 2). Petitioner entered not guilty pleas on the record to both counts during his arraignment hearing. At the pretrial hearing, the State waived count 2. Petitioner was found guilty of aggravated kidnapping and sentenced by the jury to 75 years' incarceration and a fine of $10,000.

Petitioner's conviction was affirmed by the Third Court of Appeals of Texas. *Geer v. State*, No. 03-09-00627-CR, 2010 WL 3370070 (Tex. App. – Austin, Aug. 26, 2010) (not designated for publication). Petitioner did not file a petition for discretionary review.

Petitioner did, however, challenge his conviction in a state application for habeas corpus relief. He filed his application on or about February 20, 2024. On September 25, 2024, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court and on the Court's independent review of the record. *Ex parte Geer*, No. 18,035-04.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Ineffective assistance of trial counsel because his trial counsel failed to know the facts and law surrounding Petitioner's mental health history; and

2. Ineffective assistance of trial counsel because his trial counsel failed to petition the court for a competency hearing.

## II.  DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on September 27, 2010, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. *Gonzalez v. Thaler*, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when time for seeking further direct review in state court expires). Therefore, Petitioner had until September 27, 2011, to timely file his federal application. Petitioner did not execute his petition until February 10, 2025, long after the limitations period had expired.

Petitioner's state application did not operate to toll the limitations period, because it was filed after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner suggests he is entitled to equitable tolling because he is "suffering from neuroleptic-induced, postural tremor, medication-induced and schizoaffective disorder." As explained by Respondent, Petitioner failed to demonstrate the nexus between his mental incapacity and the relevant time frame. Based on the mental health history Petitioner attached to his petition, the various mental health issues were first observed in 2015, five years after his conviction for

aggravated kidnapping became final. Petitioner fails to prove his mental or intellectual disabilities interfered with the timely filing of his federal petition.

In addition, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner filed his state application for habeas corpus relief more than 12 years after his conviction became final. After the Texas Court of Criminal Appeals denied Petitioner's state application on September 25, 2024, Petitioner waited more than four months to file his federal petition. Petitioner's delay in both filings weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where petitioner waited seven months to file state application and waited seven weeks to file in federal court after receiving a delayed notice).

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  CERTIFICATE OF APPEALABILITY

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36

(2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). A COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason but also makes a substantial showing of the denial of a constitutional right. After due consideration, the Court denies Petitioner a COA.

## IV. CONCLUSION

Petitioner's habeas corpus petition is time-barred. A certificate of appealability is not warranted.

It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** as time-barred and a certificate of appealability is **DENIED**.

**SIGNED** on October 30, 2025.

*[signature: Alan D Albright]*

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE